IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE MCGEE | ) | |
| | ) | CIVIL ACTION NO. |
| *Plaintiff*, | ) | |
| vs. | ) | |
| | ) | |
| MISSOURI BOOTHEEL REGIONAL | ) | |
| CONSORTIUM, INC. | ) | |
| | ) | |
| *Defendant*. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff brings this action pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.,* the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621 *et seq.*, and the Missouri Human Rights Act, 213.010 *et seq.* to redress the denial of her employment by the Defendant Missouri Bootheel Regional Consortium, Inc. on the basis of her sex and age.

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1343(a)(3) and (4), 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. §626, and 28 U.S.C. §1367.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) and 42 U.S.C. §2000e-5(f)(3).

1

## PARTIES

3.  Plaintiff is a black female born on November 5, 1952. She was 66 years and six months old at the time she was subjected to the discriminatory conduct and denied employment by the Defendant, Missouri Bootheel Regional Consortium, Inc. She is a resident and citizen of the State of Missouri and resides in Pemiscot County, Missouri.

4.  The Defendant Missouri Bootheel Regional Consortium, Inc. is a Missouri nonprofit corporation existing under and by virtue of the laws of the State of Missouri. Cynthia Dean is its Chief Executive Officer and registered agent for receiving service of process on behalf of the corporation. She may be served at 903 South Kingshighway, Suite A, Sikeston, Missouri 63801.

## E.E.O.C. ADMINISTRATIVE PROCEEDINGS

5. Plaintiff filed timely charges of sex and age discrimination with the United States Equal Opportunity Commission.

6. Thereafter on September 30, 2020, E.E.O.C. issued a Dismissal and Notice of Suit Rights. The Notice was received by Plaintiff on Monday, October 5, 2020. The letter granted Plaintiff the right to institute a civil action against Defendant under Title VII of the Civil Rights Act of 1964 , 42 U.S.C. 2000e *et seq.* and the ADEA, 29 U.S.C. §621 *et seq*. within 90 days of the receipt of the Notice. Plaintiff commenced the present action within 90 days of receipt of that Notice.

7.  All conditions precedent to institution of this lawsuit have been fulfilled.

## COUNT I.

## TITLE VII SEX DISCRIMINATION, 42 U.S.C. §§2000e-2, *et seq.*

8. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-7 above.

9. In 2018 Defendant Missouri Bootheel Regional Consortium, Inc. applied for and subsequently received a grant through the U.S. Department of Justice for implementing a community-based adult re-entry program designed to assist individuals released from prison make the transition from incarceration back into the community. The program developed by Defendant was entitled "Male Empowerment Now (MEN) Adult Re-Entry Program" and designed exclusively for male offenders to provide case management services to fifty individuals at the Farmington Correctional Center and the Southeast Correctional Center (located in Mississippi County, Missouri),each year for the three years of the grant.

10. At all relevant times, Defendant was an "employer" engaged in industry affecting interstate commerce within the meaning of Title VII,§630b, 42 U.S.C. 2000e(b) and has maintains its principal place of business in at: 903 South Kingshighway, Suite A, Sikeston, Missouri.

11. At all times material to this action, Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks per year in the current and preceding year.

12. Defendant established employee positions for administering and implementing the program which included a Re-Entry Coordinator and one or more Re-Entry Case Managers who worked under the supervision of the Coordinator.

13. In early 2019 Plaintiff learned that Defendant had been approved for the program

3

grant and subsequently advertised the position on its website and through the Missouri Division of Workforce Development.

14. On March 7, 2019 Jacqueline McGee completed an online application for the Re-Entry Coordinator position and submitted it together with her cover letter and resume through Defendant's online portal for receiving applications..

15. Upon submitting her application she received a confirmation which stated: "Application has been successfully submitted. Thank you. We will reach out only to applicants who will be moving further in the interview process."

16. Plaintiff also mailed a copy of her online application, cover letter, and resume on March 7, 2019 to Defendant at its business address.

17. Defendant continued to advertise the Re-Entry Coordinator position through the Missouri Division of Workforce Development's online job postings from March 11, 2019 through May 10, 2019.

18. Plaintiff's application and resume showed that she was well qualified for the position of Re-Entry Coordinator and more than met the specified job requirements.

19. On March 22, 2019, Plaintiff again checked the job posting on Defendants website and it showed it as still available.

20. Plaintiff had received no response to her applications, and on March 26, 2019, she mailed an additional a copy of her application, resume, and cover letter to Defendant requested that she be considered for the position.

20. Plaintiff received no further response from Defendant regarding her applications.

21. On April 4, 2019, Plaintiff called Defendant and spoke with its CEO/Director of

4

Programs, Cynthia Dean, to inquire about the status of the position and when interviews would be scheduled. Dean informed her that the position had been filled by a male who worked for the prison system.

22. Plaintiff subsequently learned that the position had been filled by Mark Bartlett, an employee of the Missouri Department of Corrections.

23. Mr. Bartlett was substantially younger than Plaintiff.

24. Plaintiff was not hired by Defendant or considered for the position despite the fact that she was better qualified for the position based on her education and experience with similar programs.

25. At the time of Defendant's failure to hire Plaintiff, Defendant's professional and office staff were all under the age of forty with the exception of its CEO/Director, who was substantially younger than Plaintiff.

26. Defendant intentionally discriminated against Plaintiff on the basis of her sex in denying her consideration for the position at issue and selecting a younger male for the job.

27. As a matter of practice, Defendant has a history of not employing older females as professionals or office staff nor does it hire women to administer and operate its programs for men. It limits such positions to men and gives preferential treatment to hiring men to fill the positions..

28.     Defendant relies in large part on word of mouth, personal contact, and recommendations from staff for recruiting and selecting prospective employees giving the appearance that its decisions to fill positions have been determined in advance without the benefit of the normal application and interview process followed by other applicants.

5

29. As a direct and proximate result of Defendant's intentional unlawful employment practice based of sex, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights under Title VII, incurred attorney fees and costs of litigation, and suffered emotional distress, pain and suffering, humiliation, and embarrassment.

30. The salary and fringe benefits Plaintiff has lost over the three years life of the Re-Entry program is approximately $160,000.00.  Beyond that salary is contingent upon the availability of federal, state or private funding for the continuation of the program.

31. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## COUNT II.

## AGE DISCRIMINATION, 29 U.S.C. §§621 *et seq*.

32. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-31 above.

33. At all relevant times, Plaintiff who was born November 5, 1952 was over the age of 40 and the member of a class of individuals protected by the ADEA at the time she was denied employment.

34. Plaintiff was denied employment with Defendant for the position of Re-Entry Coordinator on the basis of her age.

36. Plaintiff applied for the position of Re-Entry Coordinator with Defendantm met

the requirements and was otherwise well qualified for the position.

37. Despite her qualifications and application, Defendant took adverse action against her by refusing to hire her for the position because of her age.

38. Defendant hired a substantially younger male to fill the position of Re-Entry Coordinator.

39. At all times material to this action, Defendant had 20 or more employees for each working day in each of 20 or more calendar weeks per year in the current or preceding year.

40. Defendant practice in recruiting and selecting prospective employees is discriminatory in that it was based in large part on private word of mouth and personal contact and relationship between Defendant's officers, agents, and staff and deprived Plaintiff and other applicants of an equal opportunity to compete for employment opportunities with Defendant on the basis of their qualifications.

41. Defendant has significant staff turnover from year to year. On information and belief its professional and office staff at the time of Plaintiff's application were all under forty (40) years of age with the exception of the CEO/Program Director, who was substantially younger than Plaintiff.  Out of 16 positions, 15 of them (94%) were filled by individuals under 40 thereby raising an inference that the denial of employment was motivated by an age bias against older women (sex plus age).

41. Defendant's selection process favors younger applicants and tends to exclude older otherwise qualified individual from consideration in that individuals are recommended and selected by agency personnel without complying with application and selection processes required of others qualified applicants.

42. As a direct and proximate result of Defendant's intentional discrimination against her on the basis of age, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights under the ADEA, incurred attorney fees and costs of litigation, and suffered emotional distress, pain and suffering, humiliation, and embarrassment.

43. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## COUNT III.

### DISCRIMINATION UNDER MISSOURI'S HUMAN RIGHTS ACT, §213.055 R.S.MO.

44. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-43 above.

45. At all times material to this action, Defendant Missouri Bootheel Regional Consortium, Inc. had more than 5 employees for each working day in 2018-2020 .

46. Plaintiff filed a timely complaint with the Missouri Human Rights commission alleging sex and age discrimination against Missouri Bootheel Regional Consortium, Inc. in connection with the denial of employment. The complaint was made with the Commission and the EEOC under a cooperative arrangement for processing between the Commission and the Federal agency.

47. Plaintiff has filed the present action within 90 days of receipt of her Notice of Suit

8

Rights.

48. Plaintiff has alleged a prima facie case of employment discrimination under §213.055 R.S.MO. which provides for recovery of actual and punitive damages and the award of costs and a reasonable attorney in employment discrimination cases.

49. As a direct and proximate result of Defendant's intentional discrimination against her on the basis of age, Plaintiff has suffered lost income and employment benefits, future income, been denied her statutory rights, incurred attorney fees and costs of litigation, suffered emotional distress, pain and suffering, humiliation, and embarrassment.

50. Defendant's unlawful employment practices and actions complained of above were intentional, willful, and done with malice and/or reckless indifference to the federally protected rights of Plaintiff thereby making an award of punitive damages appropriate.

## JURY TRIAL

51. Plaintiff asserts her rights under the Seventh Amendment to the United States Constitution and pursuant to Rule 38, F.R.Civ.P., and demands a trial by jury on all issues.

## DAMAGES

52. As a direct and proximate result of the Defendant's actions described above, Plaintiff suffered injuries and sustained damages which would not have otherwise occurred, including but not limited to:

    a. Award Plaintiff all compensatory and liquidated damages available;

    b. Award Plaintiff equitable relief of back salary and fringe benefits;

    c. Award Plaintiff legal relief of front pay and fringe benefits;

    d. Award Plaintiff compensatory damages for the intentional infliction of

     emotional distress and;

 e. Award Plaintiff pre and post judgment interest;

 f. Award Plaintiff costs of this action and attorney fees;

 g. Award Plaintiff punitive or exemplary damages to be determined at trial;

 h. Grant Plaintiff such other and further relief as is just and proper.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff prays that judgment be entered on her behalf against Defendant Missouri Bootheel Regional Consortium, Inc. as follows:

A. Under Count I (Title VII Sex Discrimination) for $160,000.00 in compensatory and liquidated damages, back pay and fringe benefits, punitive damages in the amount of $160,000.00, pre- and post-judgment interest, all court costs incurred in this litigation, including an award of attorney's fees and expenses pursuant to 42 U.S.C. §20003-5(k), and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

B. Under Count II (ADEA Discrimination) for $160,000.00 in compensatory and liquidated damages, back pay and fringe benefits, punitive damages in the amount of $160,000.00, pre- and post-judgment interest, all court costs incurred in this litigation, including an award of attorney's fees and expenses pursuant to 29 U.S.C.216(b), and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

C. Under Count III (Missouri Human Rights Act) for $160,000.00 in actual damages, including back pay and benefits, together with punitive damages in the amount of $50,000.00 pre- and post-judgment interest, the costs of this litigation, including an award of attorney's

fees, costs, and expenses pursuant to §213.111 R.S.Mo., and for such other and further relief, at law and in equity, to which Plaintiff may be entitled.

                                            Respectfully submitted,

                                            /s/ Jim R. Bruce
                                            Jim R. Bruce
                                            MO Bar No. 29,673
                                            P. O. Box 37
                                            Kennett, MO  63857
                                            E-Mail:  jrbruce@nwcable.net