UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE MCGEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-00274-SNLJ |
| ) | |
| MISSOURI BOOTHEEL ) | |
| REGIONAL CONSORTIUM, ) | |
| INC., ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

Plaintiff Jacqueline McGee brought this lawsuit against defendant Missouri Bootheel Regional Consortium, Inc., raising employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Defendant moves to dismiss, and the motion has been fully briefed and is ready for disposition.[1]

## I. Factual Background

For purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. Plaintiff is a female born on November 5, 1952. On March 7, 2019, she applied with defendant for "Reentry Coordinator," a position in defendant's program to help men released from prison assimilate into the community. Her application and

---

[1] Plaintiff voluntarily dismissed a Missouri Human Rights Act claim.

resume showed she was well qualified for the position.  Defendant acknowledged the application but noted it would reach out only to applicants who would be "moving further" in the process.  On April 4, 2019, after hearing nothing from defendant, plaintiff telephoned the CEO/Director of Programs, who informed her that the position had been filled by a male who worked for the prison system.  Nonetheless, defendant advertised the position through May 10, 2019, and plaintiff learned that the successful applicant was a male who was substantially younger than Plaintiff.  She was, however, better qualified based on her education and experience.  In practice, defendant did not hire women to administer and operate its programs for men, and had a history of not employing older females as professionals or office staff.  Defendant had filled 15 out of 16 positions with persons under age 40, and at the time that plaintiff applied, all of defendant's professional and office staff, other than the CEO, were under age 40.  Based on these facts, plaintiff claimed that defendant intentionally discriminated against her by refusing to hire her because of her age and sex.  [Doc. 1 at 2, 4-5, 7.]

    Defendant moves to dismiss under Federal Rule of Procedure 12(b)(6), arguing that (1) the age discrimination claim is not administratively exhausted, and (2) the complaint fails to state an age or sex discrimination claim.

**II.  Legal Standard**

    The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001)

2

(quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC*., 855 F.3d 949, 954 (8th Cir. 2017). A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc*., 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

As to administrative exhaustion, an ADEA plaintiff has 180 days after the alleged unlawful practice to file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC); because Missouri also has a law prohibiting age discrimination, the time is extended to 300 days. 29 U.S.C. § 626(d)(2); *Dring v. McDonnell Douglas Corp.,* 58 F.3d 1323, 1327 (8th Cir. 1995). "In the context of an ADEA action . . . the limitations period begins to run when the plaintiff receives notice of a[n] [adverse employment action]." *Dring*, 58 F.3d at 1328. In considering exhaustion, a court may review an EEOC charge included in the pleadings without converting a motion

3

to dismiss into one for summary judgment. *Blakley v. Schlumberger Technology Corp.,* 648 F.3d 921, 931 (8th Cir. 2011) ("an EEOC charge is a part of the public record and may be considered on a motion to dismiss").

**III. Discussion**

    **A.  Exhaustion**

On January 27, 2020, plaintiff filed an amended EEOC charge complaining that defendant had failed to hire her as "reentry program director" due to her age and sex, and she was never given an interview. She cited the date of discrimination as April 4, 2019, the day that she was told the position had been filled with a younger male. [Doc. 34.] Although the EEOC charge was filed 298 days after April 4, 2019, defendant argues that the charge is untimely because plaintiff fails to specify when she was not given an interview, and "the only logical conclusion is that it was before April 2, 2019." [Doc. 36 at 2.] Defendant seems to be arguing that the limitations period began when defendant made an affirmative decision not to interview McGee, but as *Dring* explains, the limitations period begins when the plaintiff receives notice of an adverse employment action. The Court construes plaintiff's allegation that she was told on April 4 that the position had been filled as the date when she "received notice of an adverse employment action." Based on that date, the age discrimination claim was timely filed.

    **B.  Failure to state an age or sex discrimination claim**

The ADEA forbids an employer from discriminating against an employee who is age 40 or above because of the employee's age. 29 U.S.C. §§ 623(a)(1), 631(a). As relevant, Title VII forbids an employer from "fail[ing] or refus[ing] to hire . . . any

4

individual . . . because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1).  In support of dismissal, defendant argues that plaintiff fails to meet all of the prima facie elements for a discriminatory refusal-to-hire claim.  Citing *Harrison v. United Auto Grp.*, 492 F.3d 979, 974 (8th Cir. 2007), defendant lists the following elements:  (1) plaintiff is a member of a protected class; (2) plaintiff applied and was qualified for a job for which the employer was seeking applicants; (3) plaintiff was rejected; and (4) thereafter the employer continued to seek applicants with the plaintiff's qualifications.  [Doc. 14 at 4-5.]  At the pleading phase in a Title VII case, a plaintiff need not plead facts establishing the elements of a prima facie case, but the prima facie elements "may be used as a prism to shed light upon the plausibility of the claim."  *See Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021) (internal quotation omitted).

In particular, defendant argues plaintiff provides no factual allegations to show that defendant "rejected her" and "continued to seek applicants with [her] qualifications." [R. Doc. 14 at 5.]  The Court disagrees.  Plaintiff's allegation that defendant had represented it would contact only those applicants who would be moving further in the process, and that defendant never granted Plaintiff an interview, easily support an inference that she was rejected.  Her allegations that she was qualified, that defendant continued to advertise the position after she was told it had been filled, and that defendant in fact filled the position, all support an inference that defendant continued to seek persons with plaintiff's qualifications after rejecting her.

Defendant also takes issue with plaintiff's failure to support her allegation that she was qualified.  Plaintiff alleged that her application and resume showed she was well

5

qualified for the position, and that she "more than met the specified job requirements" [Doc. 1 at 4]; defendant, on the other hand, fails to explain how plaintiff is unqualified. And significantly, a plaintiff need not include detailed allegations or specific facts describing the evidence to be presented; what the plaintiff must include are sufficient allegations to provide the grounds on which the plaintiff's claim rests. *Warmington*, 998 F.3d at 795-96.  At this early pleading stage, the Court finds plaintiff's allegations -- that she was well qualified, and that she exceeded job requirements -- sufficient to provide the grounds on which her claim rests.

Further, the Court notes that the complaint alleges other facts to support an inference of discrimination: plaintiff alleges she was over 40 and female, defendant hired a younger and less qualified male, all but one of defendant's employees were under 40, defendant did not hire females to administer and operate its programs for men, and defendant had a history of not employing older females as professionals or office staff. Taken as a whole, the complaint states facially plausible claims for sex and age discrimination.  *See Id.* at 795 (complaint "should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.") (internal quotation omitted).

Finally, defendant argues for the first time in its reply memorandum that the complaint shows defendant is not an "employer" under the ADEA, which defines employer as having "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C § 630(b). Defendant explains that plaintiff's allegation that defendant filled 15 of 16 positions with

6

persons under age 40 indicates defendant had only 16 employees. [Doc. 36 at 2-3.] The Court assumes as true plaintiff's allegation that at all material times, defendant "had 20 or more employees for each working day in each of 20 or more calendar weeks per year in the current or preceding year." [Doc. 1 at 7]. At this stage of the proceedings, the Court will not conflate "positions" that were filled with the actual number of employees in defendant's work force at any given time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri Bootheel Regional Consortium, Inc.'s motion to dismiss [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Jacqueline McGee's motion to set aside this Court's order to seek default judgment [Doc. 15] is **GRANTED.**[2]

Dated this 28th day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court had ordered plaintiff to seek default judgment for lack of case activity after service of process, but plaintiff explained that the parties agreed to extend the time to file an answer. [Doc. 11, Doc. 15.]