**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JACQUELINE MCGEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:20 CV 274 SNLJ** |
| | ) | |
| **MISSOURI BOOTHEEL REGIONAL** | ) | |
| **CONSORTIUM, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

Plaintiff Jacqueline McGee filed this lawsuit against defendant Missouri Bootheel

Regional Consortium, Inc. ("MBRC"), claiming that defendant had discriminated against

her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.  § 2000e, *et seq.*.

and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*.

This matter is currently before the Court on defendant's Motion for Summary Judgment

[Doc. 62]. The motion has been fully briefed and is ripe for disposition.

**I.      Factual Background**

The following facts are undisputed except where indicated.

MRBC is a not-for-profit community-based organization. Cynthia Dean is the

Chief Executive Officer of MBRC and the individual who makes the final hiring

decisions.  In 2019, MBRC advertised a position for a re-entry program coordinator. The

position helps men released from prison assimilate into the community.  Requirements

for the position included the following:

1

- Bachelor's degree in criminal justice, sociology, behavioral science, psychology, or another closely related field.

- Three years of experience working in the criminal justice system, restorative justice, victim advocacy, offender services, public administration, or human services field.

- Two years of management or supervision experience.

- Experience with civic affairs, community group, and community agencies preferred.

- Ability to maintain confidentiality of information.

- Valid driver's license.

- Computer literacy.

Plaintiff alleges that she submitted applications for the position once via a website and twice via U.S. Mail.  Defendant contends that it did not receive any application from plaintiff, and thus defendant did not interview plaintiff.  Rather, MRBC interviewed three other individuals for the re-entry program coordinator position, including one female and two males.  One of the male applicants, Mark Bartlett, was hired.  Bartlett, who was 61 years old at the time he was hired, has a master's degree and over nine years of direct experience working in a correctional system.  Bartlett worked as re-entry program coordinator until July 2021.  Then MBRC hired a different person, a woman, for that role.

Plaintiff has been acquainted with Cynthia Dean, defendant's Executive Director, since the late 1990s.  On April 4, 2019, plaintiff called Dean to find out the status of the position.  Dean told plaintiff that the position had been filled by a man who had worked for the prison.

Plaintiff claims that defendant discriminated against her based on her sex and on her age, which was 67 years at the time of her application.  She filed a timely charge of discrimination with the United States Equal Opportunity Commission, and the EEOC issued a dismissal and right to sue letter to plaintiff on October 5, 2020.  She then filed this lawsuit claiming (Count I) sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and (Count II) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*.

Defendant seeks summary judgment on both of plaintiff's claims.

## II.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that

3

there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). "In determining the appropriateness of summary judgment, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Bingaman v. Kansas City Power & Light Co.,* 1 F.3d 976, 980 (10th Cir.1993) (quoting *Anderson,* 477 U.S. at 251–52)).

## III.   Discussion

Defendant seeks summary judgment on both of plaintiff's discrimination claims.

First, relevant to both counts, defendant contends that it is entitled to summary judgment because it did not receive plaintiff's employment application. As a result, defendant argues, defendant could not have discriminated against her. Plaintiff disputes this assertion of fact. She alleges that she submitted her application materials three times: once through the online system and twice by U.S. Mail. She states she received an on-line confirmation that her application had been submitted. She sent paper applications to two addresses, one included in the advertisement for the job and another to the street address for MBRC, and she used first class postage. She states that she did not receive

4

the materials back in the mail.  Plaintiff argues that defendant discriminated against her and is attempting to cover that up by denying that it received her application.

Defendant insists that it is still entitled to summary judgment because plaintiff has pointed to no evidence—other than her own declaration—that defendant received her application. Plaintiff states in her deposition that she printed each page of the online application before submitting it, and then she printed the confirmation page.  Although no confirmation page has been attached to plaintiff's opposition materials, defendant does not appear to contest that it exists.  Instead, defendant states "this is not evidence that Defendant MBRC received an application from plaintiff." [Doc. 74 at ¶ 44.]  It is unclear to this Court how a confirmation stating that plaintiff's online application had been submitted is not evidence that defendant received the application.  Whether defendant received plaintiff's application is a material fact, and this Court must resolve all conflicts of evidence in favor of the nonmoving party.  *Robert Johnson Grain Co.*, 541 F.2d at 210.  There thus exists a genuine dispute of material fact as to this issue.

Defendant's arguments about each of plaintiff's two counts will be discussed next.

### A.  Count I—Sex Discrimination

A Title VII sex discrimination case plaintiff may survive an employer's summary judgment motion in one of two ways. *McCullough v. Univ. of Ark. for Med. Scis.,* 559 F.3d 855, 860 (8th Cir. 2009). First, "[t]he employee may produce direct evidence of discrimination, which is 'evidence showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse

5

employment action.'" *Id.* (quoting *Russell v. City of Kansas City, Mo.,* 414 F.3d 863, 866 (8th Cir. 2005)). Alternatively, the employee may create an inference of discrimination through the burden-shifting framework established in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792 (1973). *See Ames v. Nationwide Mut. Ins. Co.,* 747 F.3d 509, 512 (8th Cir. 2014).

To create an inference of discrimination, the plaintiff must first establish a prima facie case of discriminatory failure to hire by proving that: (1) plaintiff belongs to a protected class; (2) plaintiff applied and was qualified for a job for which defendant was seeking applicants; (3) defendant rejected plaintiff; and (4) after rejecting plaintiff, defendant continued to seek applicants with plaintiff's qualifications. *E.E.O.C. v. Audrain Health Care, Inc.*, 756 F.3d 1083, 1086–87 (8th Cir. 2014) (quotations omitted). If plaintiff establishes a prima facie case, the defendant "then bears the burden of providing a legitimate, non-discriminatory basis for the alleged adverse action." *Id.*  If defendant meets its burden, plaintiff then must show that a genuine issue of fact exists as to whether defendant's stated reason for the adverse action is pretextual. *Id.*

Plaintiff has no direct evidence of discrimination, so the Court moves on to the *McDonnell-Douglas* burden-shifting framework. Plaintiff is female and it is undisputed she is thus a member of a protected class, and this Court has already determined that a disputed issue of material fact exists with respect to whether plaintiff applied for the job in question.  Defendant argues that plaintiff cannot show a prima facie case of discrimination because she was not qualified for the position.

Defendant states that plaintiff was not qualified because she did not have the experience that MBRC required for the re-entry program coordinator position.

6

Requirements included three years of experience working in the criminal justice system, restorative justice, victim advocacy, offender services, public administration, or human services field.  Defendant's "main goal," however, was finding an applicant with "significant direct experience in the criminal justice system."  [Doc. 63 at 8.]  Defendant characterizes plaintiff as having only "tangential experience working in restorative justice."  *Id.*  Her only experience with victim advocacy is through her work as a state legislator, and she had no direct experience working in a corrections environment.  Plaintiff's only experience with offender services, defendant says, was as the executive director of an organization that provided certain re-entry services, but defendant states that the MDOC determined plaintiff's organization did not accomplish their goals related to re-entry services during the one year they were provided.

Plaintiff points out that defendant's written requirements for the re-entry position were (1) bachelor's degree in criminal justice, sociology, behavioral science, psychology, or another closely related field, (2) three years of experience working in one of the areas listed, (3) two years of management or supervision experience.  The posting also stated that "Experience with civic affairs, community groups, (City, State and Federal) and community agencies preferred."  Plaintiff has a bachelor's degree, a law degree, a law license, and "many years of experience in the community service and human service fields, including over a decade of relevant experience as an executive director of an organization that performed all types of services with individuals who had been released from incarceration" and their families.  [Doc. 70 at 5.]  Plaintiff states she had well over the two or three years of required experience in "case management" and working directly

7

with persons returning to outside society from incarceration.  For example, plaintiff had developed, managed, and established a re-entry program for two Missouri counties.

At the summary judgment stage, "qualification" is not measured relative to the other candidates, but objectively: "This circuit… has squarely rejected the proposition that a plaintiff must prove her *relative* qualifications to meet her prima facie burden." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1047 (8th Cir. 2011).  Plaintiff thus need only show she met the stated qualifications.

Plaintiff's professional experience appears to meet the written requirements of the posted position.  However, plaintiff's resume shows that her bachelor's degree is in "political science."  The requirement was that plaintiff's degree be in "criminal justice, sociology, behavioral science, psychology, or another closely related field."  Defendant does not suggest that plaintiff's political science degree does not render plaintiff unqualified for the purposes of summary judgment, so the Court will not address it further.

Defendant suggests plaintiff was unqualified because defendant's "main goal" involved finding an applicant who had worked in corrections.  As plaintiff points out, no such requirement was included in the written job description.  Changes to a job posting that appear to show a position was tailored for another person could lead to an inference of discrimination.  *See, e.g.*, *Coble v. Hot Springs Sch. Dist. No. 6*, 682 F.2d 721, 728 (8th Cir. 1982); *Rossy v. Roche Prod., Inc.*, 880 F.2d 621, 625 (1st Cir. 1989). Plaintiff has adequately shown evidence to support that she was objectively qualified for the position for purposes of summary judgment.

8

Plaintiff has thus satisfied the first step in the *McDonnell-Douglas* burden-shifting framework.  The burden now shifts to defendant to provide a legitimate, non-discriminatory reason for the hiring decision.  First, defendant again argues that it did not hire plaintiff because it did not receive her application. Second, defendant states that plaintiff would not have been the best applicant even if it had received her application. The individual plaintiff hired—Mark Bartlett—had more than nine years of direct experience working in a corrections environment and, although he did not have a law degree, Mr. Bartlett has a master's degree in child development.

Next, plaintiff must provide evidence that defendant's reasons are pretextual.   As for the matter of not receiving plaintiff's application, plaintiff has provided adequate evidence to rebut that argument at the summary judgment stage.  Plaintiff submitted her application three times and three different ways, and she did not receive the mailed copies back.  There is thus evidence that defendant did receive her application.

As for the argument that plaintiff was not the best applicant, plaintiff contends that stated reason is also pretext. Defendant argues that Mr. Bartlett's hiring supported the "main goal" of finding someone who had "significant direct experience in the criminal justice system." [Doc. 71 at 7.]  But, as already discussed, the written job description included no mention of any "main goal."  Plaintiff suggests this previously unmentioned "main goal" was tailored to match a qualification that Mr. Bartlett possessed, but that plaintiff did not, and that such circumstances could lead to an inference of discrimination. *See Rossy*, 880 F.3d at 625.  Neither Mr. Bartlett nor plaintiff's undergraduate degrees are exactly in line with the written job description, as Mr. Bartlett's undergraduate degree is in history and plaintiff's is in political science. In addition, Mr. Bartlett's master's degree

9

in child development does not seem to qualify him any more than plaintiff's juris

doctorate degree, particularly when the written requirements for the position included an

academic focus in criminal justice, sociology, and psychology. Notably, this Court must

view the evidence in a light most favorable to the non-movant and must also give that

party the benefit of any inferences that logically can be drawn from those facts. *Buller*,

706 F.2d at 844.

There exists a question of fact as to whether defendant's stated reasons for hiring a

man over plaintiff are pretextual, and thus defendant is not entitled to summary judgment

on plaintiff's sex discrimination claim.

### B.    Count II—Age Discrimination

Plaintiff concedes that defendant is entitled to summary judgment on her age

discrimination claim.

## IV.    Conclusion

Defendant's motion for summary judgment will be denied in part and granted in

part, as discussed above.  Remaining for trial in this matter is plaintiff's Count I for sex

discrimination.

Accordingly,

IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment

[Doc. 62] is GRANTED as to plaintiff's Count II and DENIED as to plaintiff's Count I.

Dated this  5th  day of August, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

10